IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06:20-CV-140-RAW |
| | ) | |
| XEPHYR LLC d/b/a N-ERGETICS, | ) | |
| a corporation, and BRAD BRAND, | ) | |
| DERILL J. FUSSELL, and LINDA | ) | |
| FUSSELL, individuals, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER OF PRELIMINARY INJUNCTION

The conditions for granting a preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure and 21 U.S.C. § 332(a) having been met, and for the same reasons as set forth in the Temporary Restraining Order, it is,

**ORDERED, ADJUDGED, AND DECREED** that:

1. The United States' Motion for a Preliminary Injunction is **GRANTED**. The preliminary injunction is in effect as of the date of this Order and will expire when superseded by the earlier of a final judgment in, or dismissal of, this action.

2. Upon entry of this Order, Defendants and each and all of their directors, officers, agents, representatives, employees, successors, assigns, attorneys, and any and all persons in active concert or participation with any of them (hereinafter, "Associated Persons") who receive actual notice of this Order, shall not, during the pendency of this action, directly or indirectly, label, hold, and/or distribute any drug, including but not limited to colloidal silver, that does not have an approved new drug application pursuant to 21 U.S.C. § 355(b) or abbreviated new drug

application pursuant to 21 U.S.C. § 355(j), or an investigational new drug application in effect for its use pursuant to 21 U.S.C. § 355(i), or any drug that is misbranded within the meaning of 21 U.S.C. § 352.

3. Upon entry of this Order, Defendants and Associated Persons, shall not, directly or indirectly, violate 21 U.S.C. § 331(k) by causing any drug, including but not limited to colloidal silver, to become misbranded within the meaning of 21 U.S.C. § 352(f)(1) after shipment of one or more of its components in interstate commerce.

4. Upon entry of this Order, Defendants and Associated Persons shall immediately refrain from disposing of or transferring any assets that may interfere with implementation of payment of restitution to consumers who purchased Defendants' drugs, should the Court ultimately order such restitution payments in its final judgment in this matter.

5. Upon entry of this Order, Defendants and Associated Persons are prohibited from destroying, discarding, altering, transferring or otherwise making unavailable any document or record in electronic format or otherwise within their custody or control that are related to (a) colloidal silver; (b) misbranded drugs; and/or (c) unapproved new drugs.

6. Representatives of FDA may be permitted, with prior Court approval, to inspect Defendants' places of business and take any other measures necessary to monitor and ensure continuing compliance with the terms of this Order. During such inspections, FDA representatives shall be permitted to: have immediate access to buildings, including but not limited to 303 W. 12th Street, Atoka, Oklahoma, 74525 and 339 W. 12th Street, Atoka, Oklahoma, 74525 (the "Facilities"), equipment, raw ingredients, in-process materials, finished products, containers, packaging material, labeling, and other promotional material therein; take photographs and make video recordings; take samples of Defendants' in-process or unfinished

and finished products, containers, packaging material, labeling, and other promotional material; and examine and copy all records relating to the labeling, holding, and distribution of any and all drugs and their components.

7. The Defendants' reimbursement to the United States of America for the costs of supervision, inspection, investigation, review, examination, and analyses conducted pursuant to this Order is reserved for later determination.

8. The Temporary Restraining Order entered by this Court on May 14, 2020 (Dkt. #11), required Defendants to submit to FDA by May 22, 2020, for FDA review and approval, a recall strategy for Defendants' colloidal silver products. Defendants shall cooperate with FDA to timely obtain FDA approval of a recall strategy. Upon FDA's approval of a recall strategy, Defendants shall implement the recall in accordance with such approved strategy. Defendants shall bear the cost of the recall.

9. Defendants shall post a copy of this Order on (a) the homepage of their website, www.n-ergetics.com and on the homepage of any other website at which Defendants conduct business; and (b) in a common area at the Facilities and at any other location at which Defendants conduct business. Defendants shall ensure that the Order remains posted for as long as the Order remains in effect.

10. Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, Plaintiff United States of America shall not be required to post security for the instant action.

**DONE AND ORDERED** in chambers in Muskogee, Oklahoma, this

27th day of May, 2020.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

4